1 | Charles G. Miller, State Bar No. 039272
BARTKO, ZANKEL, TARRANT & MILLER
2 | A Professional Corporation
900 Front Street, Suite 300
3 | San Francisco, California 94111
Telephone: (415) 956-1900
4 | Facsimile: (415) 956-1152

5 | Attorneys for Defendants
COVERALL NORTH AMERICA and
6 | RICHARD GRUMMEL

7

E-filing

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | ASK SERVICE CORPORATION, a Texas
corporation; and JONATHAN KITTO, an
12 | individual,

**C 02     2898**

NOTICE OF REMOVAL OF ACTION
13 |            Plaintiffs,
**UNDER 28 U.S.C. § 1441(b)
(DIVERSITY)**

14 |    v.

15 | COVERALL NORTH AMERICA, a Delaware
corporation; RICHARD GRUMMEL, an
16 | individual,

17 |            Defendants.

18

19 | **TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE CLERK OF THE**

20 | **ABOVE-ENTITLED COURT:**

21 |            PLEASE TAKE NOTICE that defendants Coverall North America, and Richard

22 | Grummell ("defendants") file the within Notice of Removal and state as follows:

23 |            1.    This Court has original jurisdiction over this civil action based on 28 U.S.C.

24 | § 1332 ("diversity"). Defendants may remove this action under 28 U.S.C. § 1441 because it is a

25 | civil action between citizens of different states and the amount in controversy exceeds $75,000,

26 | exclusive of interest and costs.

27

28

-1-

2.     On May 3, 2002, Plaintiffs, Ask Service Corporation and Jonathan Kitto, filed a Complaint against Coverall North America, Richard Grummell, and Does 1 through 50, inclusive, in the Superior Court of the State of California, in and for the County of San Francisco, Case No. 407552.  Service of said complaint was made on defendant Grummell on May 19, 2002.

3.     Plaintiff Ask Service Corporation is a Texas corporation and plaintiff Jonathan Kitto is a resident of the State of California.

4.     Defendant Coverall North America is a Delaware corporation, having its principal places of business in Ft. Lauderdale, Florida.

5.     Defendant Richard Grummell is a resident of the State of California.

6.     All Defendants have joined in this Notice of Removal.

7.     In determining diversity jurisdiction, the Court should disregard the citizenship of Defendant Richard Grummell based on "fraudulent" or "sham" joinder.  Defendant Grummell was named solely for the purpose of preventing removal.  Plaintiffs have not alleged, and cannot allege, any facts or circumstances that could give rise to a valid cause of action against Defendant Grummell.  There is no possibility that Plaintiffs will be able to establish liability against Defendant Grummell.  Defendants are filing concurrently herewith or as soon as possible a motion pursuant to Rule 12(b)(6) and /or Rule 21, F.R.C.P. to dismiss and/or drop defendant Grummell as a party based on his fraudulent joinder in this action.  Thus, diversity jurisdiction lies in this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

8.     As required by 28 U.S.C. § 1446(a), a copy of all filed State court pleadings that have been served is attached hereto as Exhibit 1.

-2-

1    WHEREFORE, Defendants give notice of this removal of this action from the

2 Superior Court, State of California, in and for the County of San Francisco to this Court under 28

3 U.S.C. §§ 1441 and 1446.

4 Dated: June 17, 2002

5                                    BARTKO, ZANKEL, TARRANT & MILLER
                                     A Professional Corporation
6

7                                    By: _____
8                                          CHARLES G. MILLER
                                           Attorneys for Defendants
9                                    COVERALL NORTH AMERICA and
                                     RICHARD GRUMMELL
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

# Exhibit 1

SUMMONS ISSUED
**F I L E D**
*San Francisco County Superior Court*

MAY 0 3 2002

**GORDON PARK-LI, Clerk**
BY: _____
Deputy Clerk

1   Adam C. Brown (SBN 161951)
**O'BRIEN & BROWN LLP**
2   2339 Gold Meadow Way, Suite 230
Gold River, California 95670
3   Telephone: (916) 859-4910
Facsimile: (916) 859-4911
4
Attorneys for Plaintiffs
5   Ask Service Corporation and Jonathan Kitto

6
**STATUS CONFERENCE SET**

7   PLAN I OCT 0 4 2002 -9 00 AM

8   IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9   IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11   ASK SERVICE CORPORATION, a Texas )
corporation; and JONATHAN KITTO, an )
12   individual, )       CASE NO. **407552**
13                            )       **COMPLAINT FOR DAMAGES**
        Plaintiffs, )
14                            )       Purchase of Franchise Based on Reliance
   vs. )       on Material Misrepresentation
15                            )       [Corp. Code §§ 31201; 31301]
   COVERALL NORTH AMERICA, a )
16   Delaware corporation; RICHARD )
   GRUMMELL, an individual, and DOES I )
17   through 50, inclusive, )
18        Defendants. )
                            )
19 _____ )
                            )
20

**GENERAL ALLEGATIONS**

21   Plaintiff ASK SERVICE CORPORATION alleges as follows:

22        1.       At all times mentioned herein, plaintiff Ask Service Corporation [hereinafter
23   referred to as "ASC"] was a company incorporated under the laws of the State of Texas.

24        2.       At all times mentioned herein, plaintiff Jonathan Kitto [hereinafter referred to as
25   "Kitto"] was an individual holding the position of president of Ask Service Corporation, and who
26   personally guaranteed the Service Franchising Agreements which are the subject of this dispute.
27   [Kitto and ASC are collectively hereinafter referred to as "Plaintiffs"].

28        3.       Plaintiffs are informed and believe, and therefore allege, that defendant Coverall
   North America, Inc. [hereinafter referred to as "Defendant"] is, and at all times mentioned herein

1

1   was, a corporation duly organized and existing under the laws of the State of Delaware.

2       4.      Plaintiffs are informed and believe, and therefore allege, that defendant Richard

3   Grummell is, and at all times mentioned herein was, a resident of the County of San Diego,

4   California.

5       5.      Venue is proper in San Francisco County because negotiation and execution of the

6   Service Franchising Agreements which are the subject of this dispute occurred in San Francisco

7   County, ASC has offices in San Francisco County, Defendant maintains offices including a legal

8   department in San Francisco County, and Kitto resides in San Francisco County.

9       6. Plaintiffs are ignorant of the true names and capacities of the defendants sued herein

10  as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names.

11  Plaintiffs will amend this complaint to allege the true names and capacities of said DOE

12  defendants when the same have been ascertained.  Plaintiffs are informed and believe, and

13  therefore allege, that each of the defendants named herein, including the DOE defendants, is in

14  some manner responsible for the damages suffered by Plaintiffs, as alleged herein.

15      7.      Defendant is a franchisor in the business of selling janitorial cleaning franchises to

16  individuals and companies throughout the world.

17      8.    On December 30, 1998, ASC and Defendant entered into a Service Franchising

18  Agreement [hereinafter referred to as the "1998 Agreement"], whereby ASC would obtain the

19  right to be the exclusive seller of Defendant's products in the territory of Bexar, Comal,

20  Guadalupe, Wilson, Frio, LaSalle and Webb counties, in Texas.  ASC and Defendant are

21  signatories to the 1998 Agreement.  Kitto signed the 1998 Agreement as the guarantor of

22  franchisee.

23      9.      During negotiations of the 1998 Agreement, Defendant made specific

24  representations to Plaintiffs and otherwise presented to Plaintiffs certain financial information as

25  well as other information specifically required by Federal Trade Commission regulations.  The

26  representations made by Defendant and the information provided by Defendant in this regard were

27  false and misleading.

28

2

10.     The representations made by Defendant and the information provided by Defendant to Plaintiffs during negotiations of the 1998 Agreement were material and intended to induce Plaintiffs into consenting to the 1998 Agreement.

11.     Thereafter, in April, 2000, Plaintiffs purchased from Defendant an option to acquire an additional franchise territory in of Bastrop, Caldwell, Hayes, Travis and Williamson counties, in Texas.

12.     In May, 2000, Plaintiffs exercised their option and entered into another Service Franchising Agreement [hereinafter referred to as the "2000 Agreement"], whereby ASC would obtain the right to be the exclusive seller of Defendant's products in the territory of Bastrop, Caldwell, Hayes, Travis and Williamson counties, in Texas.  ASC and Defendant are signatories to the 2000 Agreement.  Kitto signed the 2000 Agreement as the guarantor of franchisee.

13.     During negotiations of the 2000 Agreement, Defendant again made specific representations to Plaintiffs and otherwise presented to Plaintiffs certain financial information as well as other information specifically required by Federal Trade Commission regulations.  The representations made by Defendant and the information provided by Defendant in this regard were false and misleading.

14.     During negotiations of the 1998 Agreement and 2000 Agreement, defendant also represented that plaintiff would be purchasing the right to exclusive franchise territories.  As a result of these representations, an exclusive territory provision was incorporated into the 1998 Agreement and 2000 Agreement.  The representations made by Defendant and the information provided by Defendant regarding the exclusive territory provision were false and misleading.

15.     The representations made by Defendant and the information provided by Defendant to Plaintiffs during negotiations of the 2000 Agreement were material and intended to induce Plaintiffs into consenting to the 2000 Agreement.

///
///
///
///

3

# FIRST CAUSE OF ACTION

## (Purchase of Franchise Based on Reliance On Material Misrepresentation)

16.   Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 15 of this complaint as though fully set forth herein.

17.   The information and materials provided by Defendant and representations made by Defendant to Plaintiffs during negotiation of both the 1998 Agreement and 2000 Agreement were false and misleading.

18.   Defendant did not fully disclose and made false representations regarding Defendant's involvement in pending material litigation.  Knowledge of Defendant's pending material litigation would significantly affected negotiations between Plaintiffs and Defendant regarding the 1998 Agreement and 2000 Agreement.

19.   Notwithstanding Defendant's representations regarding Plaintiffs' right to an exclusive territory, Defendant has permitted a franchisee from another territory to solicit and provide janitorial cleaning services in Plaintiffs' agreed upon territory.

20.   In inducing Plaintiffs to enter into the 1998 Agreement and 2000 Agreement, Defendant made additional false and misleading misrepresentations regarding Defendant's business and operations.  Knowledge of the true status of Defendant's business and operations would have significantly affected negotiations between Plaintiffs and Defendant regarding the 1998 Agreement and 2000 Agreement.

21.   Plaintiffs relied on the cumulative misrepresentations made by Defendant and on all information and supporting materials provided by Defendant to Plaintiffs when Plaintiffs decided to enter the 1998 Agreement and 2000 Agreement.

22.   As a result of Defendants' material misrepresentations described above, Plaintiffs have sustained damages which include, but are not limited to, the initial franchise fees, royalty fees, finance charges, the weekly marketing fund contribution, reporting and accounting expenses, sample line update costs, start-up costs, the additional monies lost by Plaintiffs as a result of operating the subject franchise, lost profits, consequential damages and emotional distress, all in an amount according to proof.

4

23.     The course and pattern of conduct engaged in by Defendant was intended to, and did, result in the concealment and suppression of the true facts, and as a result of the fraudulent concealment and suppression of the true facts, Plaintiffs did not discover the true facts concerning the untruths and/or omissions until sometime within the one year preceding the filing of this complaint. The full extent of Defendants' misrepresentations and the facts they concealed are still not known to Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     For a preliminary and permanent injunction, pursuant to Business and Professions Code § 17203 and under the equitable powers of this Court, prohibiting Defendants, and each of them, from engaging in the unfair, unlawful and fraudulent business practices alleged above; prohibiting Defendants from engaging in any of the acts prohibited by Corporations Code § 31000, et seq.; and prohibiting defendants from inducing and coercing terminated and failing franchisees into signing boilerplate agreements containing general releases of liability;

2.     For restitution;

3.     For general and special damages in an amount according to proof;

4.     Loss of future income;

5.     All amounts actually and reasonably expended by Plaintiffs in reliance upon the fraud set forth herein;

6.     All lost profits and other gains reasonably anticipated by Plaintiffs had their franchise possessed the characteristics fraudulently attributed to it by Defendants, and had the franchise not been affected by the defects fraudulently concealed by Defendants;

7.     For punitive and exemplary damages;

8.     For costs of suit incurred herein, including reasonable attorneys' fees; and

9.     For such other and further relief as the Court may deem just and proper.

///

///

///

5

1  DATED: May 2, 2002

2

3                                        O'BRIEN & BROWN

4  By

5  Adam C. Brown
   Attorneys for Plaintiffs,
6  ASK SERVICE CORPORATION and
   JONATHAN KITTO

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              6