1  Charles G. Miller, State Bar No. 039272
   BARTKO, ZANKEL, TARRANT & MILLER
2  A Professional Corporation
   900 Front Street, Suite 300
3  San Francisco, California 94111
   Telephone: (415) 956-1900
4  Facsimile: (415) 956-1152

5  Attorneys for Defendants
   COVERALL NORTH AMERICA and
6  RICHARD GRUMMELL

7

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11  ASK SERVICE CORPORATION, a Texas      )   No.  C 02 2898 VRW ARB
    corporation; and JONATHAN KITTO, an   )
12  individual,                           )   **MEMORANDUM OF POINTS AND**
                                          )   **AUTHORITIES IN SUPPORT OF**
13              Plaintiffs,               )   **MOTION FOR ORDER DROPPING**
                                          )   **FRAUDULENTLY JOINED NON-**
14      v.                                )   **DIVERSE DEFENDANT AS A**
                                          )   **PARTY AND TO DISMISS**
15  COVERALL NORTH AMERICA, a Delaware    )   **COMPLAINT**
    corporation; RICHARD GRUMMELL, an     )   **(Rule 12 (b)(6), and Rule 21, F.R.C.P.)**
16  individual,                           )
                                          )   Hearing Date:    August 1, 2002
17              Defendants.               )   Hearing Time:    2:00 p.m.
    _____)   Courtroom:       6, Judge Walker
18

19  **I.    INTRODUCTION**

20          Plaintiffs have fraudulently joined Richard Grummell ("Grummell") as a defendant,

21  in order to destroy this court's diversity jurisdiction.   Grummell is an employee of defendant

22  Coverall North America, ("Coverall"), the diverse party which is the obvious target of the lawsuit.

23  Defendants have moved under Rule 21, Federal Rules of Civil Procedure,[1] for an order dropping

24  Grummell as a party, and, in the alternative, to dismiss under Rule 12(b)(6), F.R.C.P.  A motion to

25  drop a party under Rule 21 is an appropriate vehicle to determine fraudulent joinder.  *See* Wright,

26  Miller & Kane, Federal Practice and Procedure:  Civil 3d § 1685 ("The courts have also used Rule

27  _____
    [1]    Rule 21, F.R.C.P. provides in pertinent part:  "Parties may be dropped or added by order of
28  the court on motion of any party or of its own initiative at any stage of the action and on such
    terms as are just."

                                    -1-

21 to drop a party who was joined in an action for the purpose of preventing its removal to a federal court. . . "); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245 (E.D.Cal. 1992); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1152 (9th Cir. 1998).   The Complaint reveals no claim against Grummell and Grummell's concurrently filed declaration leaves no doubt that a claim can ever be stated against him..   Accordingly, he must be dropped as a party and the complaint dismissed against him.

## II.   THE ELEMENTS NEEDED TO PROVE FRAUDULENT JOINDER

The Ninth Circuit's most recent pronouncement on fraudulent joinder is found in *United Computer Systems v. AT&T Corporation, et al.*, __F.3d ___ , 2002 WL 1088549 (9th Cir. (Cal)):

> If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)).  (at p.5).

Stated another way:   "[A] defendant will be deemed to have been fraudulently joined if, regardless of plaintiff's motive or good faith, plaintiff has no chance of succeeding in its claim against the challenged defendant." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-68 (9th Cir. 2001)*; see also, Federal Beef Processors, Inc. v. CBS, Inc.*, 851 F.Supp. 1430, 1435 (D. S.D. 1994), citing *Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th. Cir. 1990).   In determining whether a plaintiff has any chance of success on the merits, the court can go beyond the pleadings. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  See also, *Ritchey v. Upjohn Drug Co.* 189 F.3d 1313, 1318 (9th Cir. 1998):

> Where fraudulent joinder is an issue, we will go somewhat further. "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe,* 811 F.2d at 1339 [*McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)]; *see also Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97-99, 42 S.Ct. 35, 37-38, 66 L.Ed. 144 (1921); *Chesapeake & Ohio Ry. Co. v. Cockrell,* 232 U.S. 146, 153-54, 34 S.Ct. 278, 280-81, 58 L.Ed. 544 (1914); *Alabama Great S. Ry. Co. v. Thompson,* 200 U.S. 206, 218-19, 26 S.Ct. 161, 165, 50 L.Ed. 441

-2-

(1906);  *cf.  Smith v. Southern Pac. Co.,* 187 F.2d 397, 400-01 (9th Cir.1951).

That approach is reasonable and necessary.  For example, a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory.

As stated in *Cavallini v. State Farm Ins. Co.* 44 F.3d 256, 263 (9th Cir. 1995):

"The burden of proving a fraudulent joinder is a heavy one.  The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."  *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir.1983), *cert. denied,* 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984)

As shown below, the moving parties have met this burden. as shown by the absence of any charging allegations in the complaint, and proof that there is no possibility of establishing any claim as set forth in the Declaration of Richard Grummell (hereinafter "Grummell Dec.").

## III.  FACTS AND ALLEGATIONS SUPPORTING FRAUDULENT JOINDER AND DISMISSAL

This action was commenced in the state court on May 3, 2002 by Ask Service Corporation, a Texas corporation, and Jonathan Kitto, a California resident, against Coverall, a Delaware corporation, with its principal place of business in Florida, and Grummell, who had moved to California from Florida about a month earlier.  (See Grummell Dec. ¶ 1).  Service was made on defendant Grummell on May 19, 2002, and both Coverall and Grummell timely filed a Notice of Removal to this court on June 17, 2002.  Service of summons and complaint has not been effected on Coverall.

While the complaint names Grummell and Coverall as defendants in the caption, it clearly *defines*, identifies and names only Coverall as "Defendant" (see ¶ 3, Complaint) and then goes on to make claims only against "Defendant."  While Grummell is identified in paragraph 4 of the complaint, he is not included in the definition of "Defendant," and the charging allegations are only against "Defendant" or refer to "Defendant's"[2], clearly showing that plaintiffs' claims are

---

[2]    In paragraphs 22, and 23, plaintiffs made a typographical error with regard to an apostrophe, referring to "Defendants'", but it is clear from reading the charging allegations and the

MEMO OF PTS & AUTH IN SUPPORT OF MOTION TO DROP FRAUDULENTLY JOINED DEFENDANT

1    only against Coverall and that Grummell was in fact joined for the sole purpose of defeating

2    diversity.

3        The complaint alleges that during the negotiations leading up to the execution of a

4    Service Franchise Agreement on December 30, 1998, "Defendant" made unspecified false and

5    misleading misrepresentations (Complaint ¶ 9). "Defendant" is alleged to have made similar

6    unspecified false and misleading misrepresentations in connection with a second Service

7    Franchising Agreement entered into in May, 2000 (Complaint ¶ 13). There are further vague and

8    general allegations that false and misleading representations were made by "Defendant"

9    concerning an exclusive territory provision in the franchise agreements. (Complaint, ¶14).

10        In their "first", and only, cause of action, plaintiffs attempt to plead a claim

11    sounding in fraud. They allege that "Defendant" failed to disclose pending material litigation

12    (without specifying what it is). (Complaint ¶ 18). They further allege that "Defendant" permitted

13    a franchisee from another territory to solicit and provide janitorial cleaning services in plaintiff's

14    "exclusive" territory. (Complaint, ¶ 20). Plaintiffs allege reliance and damage, general and

15    punitive. (Complaint, ¶¶ 21-23). In the prayer, plaintiffs refer to the California Franchise

16    Investment Law (Cal. Corp. Code § 31000 et seq.) for the first time, but only as a presumed

17    predicate "unlawful act" for an injunction under the Unfair Practices Act (Bus. & Prof. Code §

18    17200 et seq.). They make no attempt to plead a claim for direct violation of the California

19    Franchise Investment Law in the body of their complaint, instead relying on common law fraud.

20        Recognizing that proof of fraudulent joinder requires more than a pleading failure,

21    defendants have also given this Court the following facts which show that there is no possibility

22    that plaintiffs will be able to state a claim against Grummell. Since 1998 Grummell was Vice

23    President, Master Operations, and his duties included operational support for master franchise

24    regions, which included training, new office openings, assistance and supervision of three support

25    staff for the master franchise regions. (Grummell Dec., ¶2). His duties did <u>not</u> thus include

26

27    complaint as a whole that plaintiffs aimed their pleading only at Coverall. The prayer also has
boilerplate language as to "Defendants", but the prayer is not part of the charging allegations and

28    should be disregarded.

-4-

1  franchise sales and he played no role in the negotiation or sale of the plaintiffs' Coverall

2  franchises.  (Grummell Dec. ¶¶ 2, 4).  The allegations in the complaint concern in the main

3  representations or non-disclosures <u>at or prior to the time the franchise was sold</u>.  Further,

4  Grummell specifically denies representing, or presenting plaintiffs with, any financial information

5  concerning Coverall.  As to the only other specific misrepresentation alleged, Grummell denies

6  misrepresenting Coverall's alleged involvement in pending material litigation.  (Grummell Dec.

7  ¶4).  That leaves only the allegation concerning a purported territorial violation, and as to that,

8  Grummell states that he did not permit a franchisee from another territory to solicit and provide

9  janitorial cleaning services in any territory that was purportedly given to Kitto or ASK.

10  (Grummell Dec. ¶4).

11  **IV.   THE COMPLAINT FAILS TO STATE ANY CLAIM FOR RELIEF
          AGAINST DEFENDANT GRUMMELL AND FAILS TO PLEAD FRAUD**
12  **      WITH PARTICULARITY**

13          As is clear from the above summary of the complaint, no claim for relief is stated

14  against defendant Grummell.  All of the charging allegations are against Coverall.  Grummell was

15  simply named in order to avoid having this case removed to federal court.  This is not a question of

16  whether there is a valid claim stated on some valid legal theory; it is rather a question of whether

17  there are any factual allegations which implicate Grummell.  There are none.  Accordingly, the

18  complaint must be dismissed under Rule 12(b)(6), F.R.C.P.  See, e.g., *Guiterrez v. Vergari*, 499

19  F.Supp. 1040, 1052 (attorney named in caption only; court dismissed complaint under Rule

20  12(b)(6)).

21          Furthermore, the complaint is devoid of the required specificity required by Rule 9,

22  (b), F.R.C.P., which requires that "in all averments of fraud . . ., the circumstances constituting

23  fraud . . . shall be stated with particularity."  As was stated by Judge Williams in *Stack v. Lobo*,

24  903 F.Supp. 1361, 1367 (N.D. Cal. 1995):

25              In complaints alleging fraud, however, the heightened pleading
                standards of Fed.R.Civ.P. 9(b) apply.  This rule requires averments
26              of fraud or inequitable conduct to be "stated with particularity."
                Fed.R.Civ.P. 9(b).  Rule 9(b) does not necessitate pleading of
27              detailed evidentiary matter.  Nonetheless, mere conclusory
                allegations of fraud are insufficient.  *Moore v. Kayport Package*

28

-5-

*Express,* 885 F.2d 531, 540 (9th Cir.1989).   The plaintiff must include statements regarding the *time place and nature of the alleged fraudulent activities, and must specifically identify what was misrepresented or concealed* so as to give the opposing party notice of the particular conduct which is alleged to constitute the fraud. *Id.* Merely making general conclusory allegations of fraud, and then reciting a list of neutral facts, is not sufficient. *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985). (*Emphasis added*).

Here, the purported fraud is plead in the most general terms.   In paragraph 9, plaintiffs simply refer to misrepresentations regarding "certain financial information as well as other information."   Under Rule 9(b), they are required to state much more than bare conclusions and specify the financial and "other" information.   Further, nothing is said about the specific circumstances such as the date, place, and persons or manner of making the alleged representations.   Paragraph 13 repeats the same violations of Rule 9(b) concerning the 2000 Agreement.   Paragraph 14 suffers similar infirmities in that it does not state the representation, persons making it, place or date.   Paragraph 18 fails to allege the pending material litigation referenced.   All in all, plaintiffs have flunked the Rule 9(b) requirements and the complaint must be dismissed for that reason as well.

## V.   THE EVIDENCE SHOWS THAT THERE CAN BE NO CLAIMS STATED AGAINST THE INDIVIDUAL DEFENDANT AND HIS JOINDER IS THEREFORE FRAUDULENT.

The complaint does not allege any valid claim against Grummell.   Plaintiffs specifically defined Coverall as "Defendant", without including Grummell, and the charging allegations are made only against "Defendant."   The only times that there were slips of the pen to pluralize Defendant were seldom, and did not involve the underlying charging allegations.   For instance, the first such slip was in paragraph 22 when plaintiffs allege they suffered damages as "a result of Defendants' material misrepresentations."   The "material misrepresentations" are set forth in paragraphs 17 ("The information and materials provided by Defendant and representations made by Defendant to Plaintiffs . . .were false and misleading"); paragraph 18 ("Defendant did not fully disclose and made false representations regarding Defendant's involvement in pending material litigation . . ."); and paragraph 20 ("In inducing Plaintiffs to enter into the [Franchise Agreements],

-6-

Defendant made additional and false and misleading misrepresentations regarding the Defendant's business and operations.")   These allegations hearken back to earlier ones mentioning only Defendant.   See, e.g., paragraph 8 (referring to the contract entered into between ASC and Defendant).[3]

Lest there be no doubt, the Grummell declaration proves that plaintiffs will never be able to state a claim against him.  Grummell played no role in the sale of the franchises to plaintiffs and specifically denies making any of the misrepresentations or concealments alleged in the complaint.   While plaintiffs do not directly allege any violation of the California Franchise Investment Law, they can not do so as to Grummell.  Assuming for the purposes of argument that Coverall is in some way liable under the California Franchise Investment Law[4], Grummell would not be liable.  Under section 31302 of the California Corporations Code, only "principal executive officers" or employees "who materially aid[s] in the act or transaction constituting the violation" can be jointly liable with the franchisor for violations.   Grummell was not a principal executive officer of Coverall and clearly did not play a role in the franchise sales.[5]  (Grummell Dec., ¶ 3.)

---

[3]      This shows that "Defendant" really does mean Coverall, since only Coverall entered into the contract.

[4]      The complaint in no way specifies what, if anything, Coverall allegedly did to render itself liable under the California Franchise Investment Law and does not site any specific provision which was allegedly violated.

[5]      Grummell reports to principal executive officers and supervises three support staff, and he has no decision making authority other than decisions affecting his support staff. (Grummell Dec. ¶3)

## V.   CONCLUSION

For the foregoing reasons, defendants' motion to drop the non-diverse defendant should be granted. The non-diverse defendant should be dismissed as fraudulently joined. Plaintiffs have no claims whatsoever against Grummell.

Dated: June 24, 2002

BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation

By: _____
        CHARLES G. MILLER
        Attorneys for Defendants
        COVERALL NORTH AMERICA and
        RICHARD GRUMMELL

-8-