United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASK SERVICE CORPORATION, a Texas Corporation;<br><br>         Plaintiff,<br><br>         v<br><br>COVERALL NORTH AMERICA, a Delaware Corporation; RICHARD GRUMMELL, an individual,<br><br>         Defendants.<br>_____/ | No C-02-2898 VRW<br><br><br>ORDER |

      Defendants Coverall North America (Coverall) and Richard Grummell (Grummell) move to dismiss Grummell.  See Doc #5.  In a separate motion, defendants move to stay further proceedings in light of Ask Services' recently filed bankruptcy.  Doc #18.  The court finds this matter suitable for determination without oral argument and VACATES the hearing set for September 12, 2002.  See Civil LR 7-1(b).  For the reasons provided below, the motion to dismiss Grummell (Doc #5) is GRANTED.  The court

orders plaintiffs to show cause why defendant's motion to stay further proceedings (Doc #18) should not be granted.

I

Ask Service and Jonathan Kitto filed suit in state court on May 3, 2002, alleging that false and misleading misrepresentations by Coverall and Grummell induced Ask Service and Kitto to enter franchise agreements with Coverall in 1998 and 2000. Coverall and Grummell removed to this court on June 17, 2002. Upon removal, they filed a motion to dismiss Grummell as a fraudulently joined non-diverse defendant. Doc #5. Kitto has been dismissed without prejudice by stipulation, leaving Ask Service as the sole remaining plaintiff. Doc #19.

"[A] defendant will be deemed to have been fraudulently joined if, regardless of plaintiff's motive or good faith, plaintiff has no chance of succeeding in its claim against the challenged defendant." Morris v. Princess Cruises, Inc., 236 F3d 1061, 1067-68 (9th Cir 2001). Ask Service's allegations make no specific reference to Grummell, save his name and place of residence. See Def Notice of Removal (Doc #1), Exh 1, ¶4. The complaint makes repeated reference to "Defendant" in the singular, clearly referring to Coverall. Ask Service alleges no specific claim of fraud or misrepresentation by Grummell. Id ¶¶3, 5, 7-15, 17-21. Ask Service's assertions regarding "Defendants'" material misrepresentations" cannot be read to implicate Grummell. Id ¶¶ 22-23.

Moreover, the court has received no response to defendant's motion from plaintiff. By the terms of Civil LR 7-3(b), a party who does not oppose a motion must file a statement

2

of nonopposition with the court within the time set for filing and serving an opposition.

For these reasons, pursuant to its authority under FRCP 21, the court GRANTS defendants motion to dismiss Grummell.

II

Coverall has also submitted a notice that Ask Service has filed a voluntary petition under Chapter 11 and a request to stay further proceedings. Doc #18. Coverall appears to suggest that a stay in this matter automatically attends plaintiff's bankruptcy filing. Id at 1 (referring to "the issuance of an automatic stay on [plaintiff's] filing the bankruptcy"). Coverall seemingly relies here on the automatic stay provision of the bankruptcy code. See 11 USC § 362(a). The issuance of an automatic stay does not, however, follow as a matter of course in litigation initiated or maintained by a debtor-plaintiff or its trustees. "The primary objective [of the automatic stay] is inapplicable to the trustee's offensive action, which need not be attended by a stay." In re Merrick, 175 BR 333, 336 (9th Cir BAP 1994) (citing Martin-Trigona v Champion Federal Savings and Loan Association, 892 F2d 1865 (7th Cir 1989)).

Ask Service has filed no opposition to Coverall's motion. The court orders Ask Service to show cause why a stay of all proceedings should not issue. The court invites briefing by Coverall on applicable grounds for issuing a stay, including any argument regarding the applicability of the automatic stay provision.

/

III

In sum, the court GRANTS defendants motion to dismiss Grummell. Doc #5. In addition, the court orders Ask Service to show cause why the court should not grant Coverall's motion to stay all further proceedings. Doc #18. Ask Service shall make its submission not later than September 27, 2002. Likewise Coverall shall make its submission regarding the appropriateness of a stay by the same date.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Judge